UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENYA TRAYLOR,                                             No. C 06-2129 MHP (pr)

        Petitioner,                                     **ORDER OF DISMISSAL**

   v.

SCHELIA A. CLARK, warden,

        Respondent.
                                                /

        Kenya Traylor, an inmate at the Federal Correctional Institution - Dublin, filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of her sentence. Upon initial review, the court dismissed one claim and found cognizable a claim that the Bureau of Prisons ("BOP") allegedly wrongly determined that Traylor was ineligible for a residential drug abuse treatment program ("RDAP") and the reduction in sentence available for successful completion of the program. The court issued an order to show cause why the writ should not be granted. Respondent filed an answer. Traylor did not file a traverse and the deadline by which to do so has long passed.

        In her answer, respondent argues that the action should be dismissed as unripe and unexhausted because Traylor never applied for the RDAP and never pursued administrative remedies for her claim. Traylor presented no evidence or argument to controvert respondent's evidence showing that Traylor had not applied for the RDAP and had not filed an administrative grievance regarding her desired admittance to the RDAP.

        Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of her custody or execution of her sentence must first exhaust all administrative

remedies available to her.  See United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992) (time credits); Lyle v. Sivley, 805 F. Supp. 755, 757 (D. Ariz. 1992) (placement in halfway house). The judicially-created requirement that petitioner exhaust administrative remedies may be overridden in exceptional circumstances.  See Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).  The administrative grievance and appeals process for prisoners under the custody of the BOP is described at 28 C.F.R. §§ 542.10 - 542.15.  The steps required to complete the appeal process include informal presentation of a claim for resolution, request for administrative review by the warden on a form BP-9, appeal to the regional director on a form BP-10, and an appeal to the general counsel on a form BP-11. "Appeal to the General Counsel is the final administrative appeal."  28 C.F.R. § 542.15(a).

Traylor did not exhaust administrative remedies with the BOP before filing this action, as she was required to do.  She also has not shown exceptional circumstances that would excuse the non-exhaustion.  Therefore, this action is dismissed without prejudice to Traylor filing a new action after she exhausts her administrative remedies.  The clerk shall close the file.

IT IS SO ORDERED.

Dated: August 29, 2007

_____
Marilyn Hall Patel
United States District Judge